ELLIS, Adm'x, etc., *v.* CONNECTICUT MUT. LIFE INS. CO.

*(Circuit Court, D. Connecticut. July 14, 1881.)*

1. STATUTE—PROSPECTIVE—WHEN.

Statutes are to be considered prospective, unless the language is such as to leave no doubt that they were intended to be retrospective.

2. VOID JUDGMENT.

Upon a void judgment no action can be maintained.

3. PROCESS—SAME.

The statute of Virginia passed in 1856, regulating the conduct of the business of foreign life insurance companies who should do business therein, provided, among other things, that such companies should have an agent in that state upon whom service of process could be made. In 1877 the existing law was amended so as to provide that, in case of the death of such an agent, his personal representative was authorized to accept service of process against such corporation. In 1852 the defendant, a foreign company, insured the deceased, Lewis Ellis, and in 1856 duly appointed an agent with authority to accept

service of process in that state, who continued to act as such up to the time of the war, but not thereafter, to defendant's knowledge or with its consent, whose authority was not, however, formally revoked until 1866. This agent died in 1876, and one Edrington became his administrator. The death of the insured occurred in 1869, and in 1878 this plaintiff, the administrator upon his estate, brought a suit in a state court against this defendant by serving process upon Edrington, who had no authority from the defendant to accept service, and was not its agent, unless made so by the act of 1877. There was no appearance for the defendant, and the plaintiff recovered a judgment upon which this action was brought. *Held,* that the state court had no jurisdiction

4. SAME—SAME—VIRGINIA, ACT OF 1877.

*Held, further,* that Edrington was not made the defendant's agent by this act; that the act was prospective, not retrospective.

*Wm. L. Royall,* for plaintiff.

*Henry C. Robinson,* for defendant.

SHIPMAN, D. J. This is an action at law upon a judgment rendered by the circuit court of the city of Fredericksburg, in the state of Virginia. The defendant made no appearance in that court, and defends here upon the ground that it was never served with process, and that the court of Virginia had no jurisdiction. By written stipulation of the parties a jury was waived, and the case was tried by the court upon an agreed statement of facts.

In 1852 the defendant, a Connecticut corporation, insured the life of Lewis Ellis, a citizen of Virginia, for the sum of $3,000, upon consideration that it should be annually paid thenceforth, and to the end of his life, a specified premium of insurance. No premiums were paid after June 28, 1860. Before that date they had been duly paid. Said Ellis died in the year 1869.

In the year 1856 the general assembly of Virginia passed a statute providing, in substance, as follows:

Section 1. Be it enacted by the general assembly, that no life insurance company, unless incorporated by the legislature of this commonwealth, shall make any contracts of life insurance within this state until such insurance company shall have complied with the provisions of this act.

Sec. 2. Every such insurance company shall, by a written power of attorney, appoint some citizen of this commonwealth resident therein its agent or attorney, who shall accept service of all lawful processes against such company in this commonwealth, and cause an appearance to be entered in any action in like manner as if such corporation had existed and been duly served with process within this state.

Sec. 3. A copy of such power of attorney, duly certified and authenticated, shall be filed with the auditor of public accounts of this commonwealth, and copies thereof, *duly certified by said auditor,* shall be received in evidence in all courts of this commonwealth.

Sec. 4. If any such agent or attorney shall die or resign or be removed, it shall be the duty of such corporation to make a new appointment, as afore-

said, and file a copy with the said auditor of public accounts, as above prescribed, so that at all times, and while any liability remains outstanding on such insurance, there shall be within this state an attorney authorized, as aforesaid; and no such power of attorney shall be revoked until after a like power shall have been given to some competent person, and a copy thereof filed, as aforesaid.

The sixth section provided that if any insurance company should make insurance without complying with the requisites of the act, the contract should be valid, but the agent of such company should be liable to a penalty.

In 1856 the defendant duly appointed A. A. Little, of Fredericksburg, its agent, with authority to accept service of process. The agency was subject in terms to be revocable at the pleasure of the company, but this right of revocation was set out in terms only in the agreement between the company and Little. He continued to act as its agent until the beginning of the war of the rebellion, but did not so act afterwards with its knowledge or consent. Immediately after the war, the defendant informed Little that his agency had been revoked by the war, and in the spring of 1866 it formally revoked any agency. The defendant has done no business in Virginia since 1861. In 1866 it examined the question of the expediency of resuming business therein, and in consequence of certain legislation which had taken place abandoned the idea. Little died in the year 1876, and C. W. Edrington duly became his administrator.

In 1877 the legislature of Virginia passed a statute amending sections 22 and 32 of chapter 36 of the Code of 1873. Section 22 was section 4 of the act of 1856, and was amended so as to read as follows:

"If any such agent or attorney shall die, or become insane, or remove without this state, or resign, or be removed, it shall be the duty of such corporation to make a new appointment as aforesaid, and file a copy with the said auditor of public accounts, as above prescribed: *provided*, that if such corporation shall fail to make such new appointment of agent or attorney, upon the death or insanity of any such agent or attorney so appointed as aforesaid, the personal representative of any such deceased agent, and the committee of any such insane agent, shall be regarded and held as agent or attorney, authorized to accept service of process against such corporation, and entering appearance as aforesaid; and if such corporation shall fail to make such new appointment of agent or attorney, upon the removal or resignation of any such agent or attorney so appointed as aforesaid, then the auditor of public accounts shall be authorized to accept service of process against such corporation and enter appearance as aforesaid, so that at all times, and while any liability remains outstanding on such insurance, there shall be within this state an attorney authorized as aforesaid; and no such

power of attorney shall be revoked until after a like power has been given to some competent person, and a copy thereof filed as aforesaid."

In March, 1878, the plaintiff, who was then the administratrix upon Lewis Ellis' estate, commenced suit against the defendant in the circuit court of the city of Fredericksburg upon said policy. Service of said suit was made upon said Edrington alone. No appearance was made by the defendant. Damages were assessed by a jury against the defendant in the sum of $2,200, and interest from October 6, 1877. No other service was made. Edrington had no authority from the defendant to accept service, and was not its attorney or agent, unless made so by the act of 1877.

It is admitted that the policy became extinguished by the non-payment of premiums in 1861, and that no action would lie for the amount insured thereon, (*Ins. Co.* v. *Statham,* 93 U. S. 24;) and that the agency of Little was, under the circumstances heretofore stated, terminated by the breaking out of the war. *Ins. Co.* v. *Davis,* 95 U. S. 425. But it is insisted that the defendant is bound by the judgment of the Virginia court. The plaintiff's argument is that, by virtue of the act of 1856, the defendant entered into a contract with the state of Virginia, and with each of the policy-holders, to keep an agent in the state to accept process; that although this contract was suspended during the war, it revived thereafter, notwithstanding the defendant had ceased to do business within the state, and had abandoned the idea of re-engaging in business, because there was or might be a liability upon it for the equitable value of policies which had become forfeited by the war, with interest, and that the defendant failing to appoint an agent; the state of Virginia had the right to direct how service of process should be made, and that such service so made would be valid.

Assuming that each proposition is true, but not admitting the truth of either as stated, it remains to be shown that Virginia has directed how process should be served within the state upon a foreign corporation which had, long before the date of the supposed direction, ceased to do business therein.

It is said that the state gave such direction by the act of 1877. It seems to me plain that the act of 1877 is prospective, and relates only to the companies which were, at the time of the passage of the act, engaged in the business of making or renewing contracts of insurance within the state, or should thereafter engage in such business. "Statutes are to be considered prospective, unless the language is expressly to the contrary, or there is a necessary implication to that

effect." *Harvey* v. *Tyler*, 2 Wall. 328; *Warren Manuf'g Co.* v. *Ætna Ins. Co.* 2 Paine, 501. The act is not in terms retrospective. It cannot be presumed, in the absence of express terms, that it was the intention of the legislature that the act should apply to a company which had abandoned business in 1861, and that it should be construed to provide that the administrator of an agent who had died before the passage of the act, and whose powers terminated in 1861, was clothed with power to accept service in 1878. Such a construction of the statute is not permissible unless language is used which admits of no other construction.

In my opinion the state court of Virginia had no jurisdiction of the defendant. Judgment should be entered for the defendant.